## KAMENA *a.* WANNER.

*New York Superior Court; General Term, March,* 1858.

DELIVERY OF PROPERTY ATTACHED.—BOND OF CLAIMANT.

The provisions of the Revised Statutes respecting attachments in justices' courts (2 *Rev. Stats.,* 432, §§ 31, 32)—which direct that if a third person claim goods attached by any constable, he may require a delivery to him by executing a bond to the plaintiff in double the value of the property attached,—are for the benefit of the real owner as well as that of the plaintiff; and a bond for less than double the value of the property, though it be more than double the amount of the debt for which the attachment was issued, is insufficient.*

Of the proper form, and the requisites of a complaint against a constable for refusing to receive such a bond and deliver the goods.

Appeal from order overruling demurrer to complaint.

The amended complaint in this action stated for a first cause of action—" That on February 5, 1857, and for a long time previous thereto, the plaintiff was the lawful and sole owner, and in the custody and possession at his store, 13 South William-street, in the city of New York, of the following personal property ;" describing the goods.

" That while in the peaceful ownership and possession of the property, and on the 5th of February, 1857, at the city of New York, William Thompson, a constable, and one of the defendants above named, by virtue of an attachment issued by A. K. Maynard, one of the justices of the Marine Court of the city of New York, in an action in which one John J. Wanner, the other defendant, was plaintiff, and Waltje Kamena was defendant, to recover the sum of $421 and interest from November 10, 1856, and at the instigation, under the instructions, and in the presence of the said defendant Wanner, attached the property above described, entered and removed the same from No. 13 South William-street aforesaid, and converted the same to the use of said defendant."

And for a second cause of action :—

" That afterwards, and on or about February 12, 1857, the said plaintiff, in order to obtain said property and as claimant

* Reversing Kamena *a.* Warner, 15 *How. Pr. R.,* 5.

thereof, made and executed his bond, with sureties, in conformity with the statute in such case made and provided, the original of which has been lost; but a copy thereof, as to its substance and purport, is hereto annexed and marked A, and forms a part of this complaint."

" That said bond being so executed was afterwards tendered to said A. K. Maynard, justice of the Marine Court, who issued said attachment, and afterwards to Justice A. A. Thompson of said court, for their and each of their approval, which was thereupon, on due deliberation had, approved by each of said justices; and said bond, with said justices' approval indorsed thereon, was afterwards, at divers and sundry times, and especially on the 3d day of March, 1857, tendered to said defendant Thompson, and the surrender and delivery of said property to said plaintiff demanded; but said defendant Thompson, acting under the advice and instruction of said defendant Wanner, and at his special instigation at all times, wrongfully refused to accept said bond, and return said property."

The complaint further alleged : " That the value of the property so seized and converted by said defendants as aforesaid, was at the sum of $2800 ; and the damages to said plaintiff arising from said seizure and conversion, the further sum of $500 ;" and demanded judgment for $3300.

The bond annexed was in the penal sum of one thousand dollars ; conditioned that in a suit to be brought thereon, within three months from its date, " said John Kamena shall establish that he was the owner of said goods at the time of the seizure ; and in case of his failure to do it, said John Kamena shall pay the value of said goods and chattels, with the interest."

The defendant Wanner interposed an answer to the first cause of action, and a demurrer to the second cause of action.

The grounds assigned were :—*First,* That it did not state facts sufficient to constitute a cause of action against the defendant Wanner. *Second,* That several causes of action had been improperly united, viz. : that the first cause of action was for a joint trespass, and the second cause of action for an individual wrongful act of the defendant Thompson.

The issue on the demurrer was argued before Mr. Justice Hoffman, at special term, in October, 1857, and the demurrer overruled, the following opinion being rendered.

HOFFMAN, J.—The 34th section (formerly 33d) of the statute provides that "if any person claims any goods and chattels attached by a constable, he may execute a bond, to be approved of by the constable or the justice who issued the attachment, in a penalty double the value of the property attached, conditioned that in a suit to be brought on such bond within three months, such claimant will establish that he was the owner of the goods seized at the time of such seizure; and in case of his failure to do so, that he will pay the value of the goods so claimed, with interest."

And by section 35, "Upon such bond being executed and delivered to the constable, he shall deliver up the property seized by him to the obligor in such bond."

It is plain that the bond in question was not a literal compliance with the statute, as the property is stated in the complaint to have been worth $2300. But the counsel well argues that a construction which would permit a constable, in his caprice, to seize goods worth $10,000, for a demand of one hundred, and drive the claimant to give security for that full amount, or part with possession, would work needless and great injustice. I am satisfied it is not the necessary and only construction which the provision will bear.

Under the 31st section, the amount of the debt is to be stated, and the constable is to attach so much of the goods and chattels of the debtor as will be sufficient to satisfy such debt.

It is true that the statute contemplates that the case may well occur of more goods being taken, and properly taken, than are indispensable for this purpose. Therefore, under the 30th section, the plaintiff in the action gives bond to account for any excess beyond the judgment which he shall recover; and by the 38th section, where an action has been brought against the claimant, upon his bond given under the 34th section, if the amount recovered exceeds the amount of the judgment rendered for the plaintiff in the attachment suit, the plaintiff shall refund the excess.

In short, the principle of the act is, to give security by virtue of an attachment upon goods of the full value of the claim of the plaintiff.

The 34th section then contemplates that the goods attached shall be fully sufficient to discharge the debt, if judgment is

recovered upon it; and the act presumes that nothing more shall be attached. Where a bond is given for double the amount of the demand, it amply meets what the plaintiff can possibly obtain; and it is double the value of the property attached, because it was intended that no more should be attached than would fully secure the party.

I think the demurrer is not well taken, and judgment must be had for the plaintiff upon it, with costs.

From the order entered in pursuance of this decision, the defendant appealed.

*Mr. Jeness*, for the plaintiff, respondent.

*Mr. Sheehan*, for the defendant, appellant.

BY THE COURT.*—PIERREPONT, J.—This is an appeal from an order of the special term overruling a demurrer.

The plaintiff sues Thompson, a constable, and one Wanner, who was plaintiff in an attachment against Waltje Kamena, and alleges, in the *second* count of his complaint, that the constable, having levied upon the plaintiff's property by virtue of an attachment, he (the plaintiff), as claimant of the property, tendered a bond in conformity with the statute, and that the said constable refused to deliver him the property, but sold the same, and that Wanner instigated the constable to these acts; that the bond tendered was in the penal sum of $1000, and that the property demanded to be delivered, on the tender of the bond, was of the value of $2800. The complaint prays judgment in the sum of $3300.

The defendant Wanner demurs to this count.

The bond required by the 31st section of chapter 2, article 2, of part 3, of the Revised Statutes (2 *Rev. Stats.*, 4*th ed.*, 432), requires that the bond shall be "in a penalty double the value of the property attached." Section 34 shows clearly that the statute contemplates protection to the real owner of the property as well as to the plaintiff in the attachment.

A case which may often happen will illustrate the importance of this provision in the law.

---

* Present, Bosworth, Hoffman, Woodruff, and Pierrepont, JJ.

The defendant in the attachment is tenant of the furnished house of " A :" the furniture is seized by the constable on an attachment against the tenant to satisfy a claim of $400 : the constable, not knowing how the furniture will sell, and quite ignorant of its value, seizes the whole, which proves to be worth $5000. A stranger claims the furniture, gives the bond approved of $800, and takes the property. The real owner learning that his property has been thus taken, goes to the constable to replevy it, and finds in its stead a bond of $800, and that the furniture has gone no one knows whither.

But if the construction for which the plaintiff contends be the true one, the constable could not refuse making the delivery to such claimant, although he had meanwhile learned that the property attached was worth ten times the penalty of the bond (§§ 31, 32). Taking the construction of the statute which we are disposed to give to it, this count of the complaint, divested of all verbiage and circumlocutions, may be fairly stated thus.

The plaintiff complains that the defendant Thompson, being a constable, seized, by virtue of an attachment against Waltje Kamena, property of the plaintiff of the value of $2800 ; the plaintiff claimed the same, and tendered to the said constable a bond, duly executed and approved, in the sum of $1000, according to the statute, which requires that said bond should be in the sum of $5600 ; that said constable refused to deliver the property on such tender of the aforesaid bond, and that the defendant Wanner advised and instigated the constable to said act. Wherefore the plaintiff demands judgment against the said defendants for the sum of $2800, the value of the property, and $500 damages, besides interest and costs.

We think such a complaint does not state facts sufficient to make the constable liable; and it follows that Wanner could not be liable for advising the constable to act according to law.

The demurrer must be sustained, and the order of the special term reversed, with costs.